UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUCAS BEHN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | NO.: 17-cv- |
| | ) | |
| v. | ) | |
| | ) | |
| KIEWIT INFRASTRUCTURE CO., | ) | |
| | ) | |
| Defendant. | ) | Plaintiff demands trial by jury |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff Lucas Behn, (hereinafter referred to as "Plaintiff") by and through his counsel, John L. Malevitis, Esq. of MLA Law Offices, Ltd., and complaining of the Defendant, Kiewit Infrastructure Co., (hereinafter referred to as "Kiewit") here states as follows:

### JURISDICTION AND VENUE

1. That this suit is brought and jurisdiction lies pursuant to 28 U.S.C. §§1337 and 1343(4) and 42 U.S.C §2000e-5(f). This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended (hereinafter referred to as Title VII) and the American's with Disabilities Act of 1990, as amended (hereinafter referred to as the ADA).

2. That all acts of discrimination alleged herein were committed within the Northern District of Illinois and venue is proper within this District and Division pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1391.

## PARTIES

3. That Plaintiff is a male citizen of the United States and the State of Indiana, and at all times relevant to this complaint, was a resident of the State of Indiana.

4. That Defendant is a corporation organized under the laws of the State of Illinois and is in the business of infrastructure construction, building, marketing, sales, service and support of construction projects in North America with a business and office location in Chicago, Illinois.

5. That at all times relevant in this complaint, Plaintiff was an "employee" of Defendant within the meaning of Title VII and the ADA and was employed as an infrastructure construction laborer at Defendant's various infrastructure construction sites located throughout Chicago, Illinois.

6. That the Plaintiff began his employment with the Defendant on or about July 25, 2013 and was wrongfully terminated by the Defendant on or about November 12, 2014.

7. That at all times relevant in this complaint, Defendant was an "employer" as that term is defined under Title VII and the ADA.

## ADMINISTRATIVE PROCEDURES

8. That on or about December 19, 2014, Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission (hereinafter the "EEOC"), Charge Number 440-2015-01428, against the Defendant. (A copy of the charge is attached and incorporated herein as Exhibit "A").

2

9. That on or about April 20, 2017, Plaintiff received the Notice of Right to Sue from the EEOC for Charge Number 440-2015-01428, entitling him to commence action within ninety (90) days of his receipt of the Notice. (A copy of the EEOC Notice of Right to Sue document is attached hereto and incorporated herein as Exhibit "B").

10. That the Complaint and Request for Jury Trial in this matter was filed within ninety (90) days of receipt of the aforementioned EEOC Notice of Right to Sue document.

## COUNT I-FEDERAL CLAIMS

11. That on July 25, 2013, Plaintiff became employed by the Defendant Kiewit as an infrastructure construction laborer.

12. That Plaintiff, at all times relevant and prior to being employed by the Defendant, was previously diagnosed with diabetes within the definition of disability under the Americans With Disabilities Act.

13. That said diagnosis is recognized as a disability under the ADA.

14. That at all times relevant the Defendant knew of Plaintiff's disability, medical diagnosis and condition of diabetes.

15. That during Plaintiff's employment with the Defendant, he has been subjected to harassment, intimidation, different terms and conditions of employment and denied reasonable accommodations.

16. That Plaintiff complained to Defendant regarding the aforementioned conditions and was subjected to further harassment, different terms and conditions of employment, declined reasonable accommodations and eventually terminated by the Defendant.

17. That Plaintiff was treated differently in his work place and retaliated against for engaging in protected activity in violation of the Title VII of the Civil Rights Act as amended (See Exhibit "A").

18. That Plaintiff was treated differently in his work place as aforementioned because of his disability and medical diagnosis and retaliated against for engaging in protected activity in violation of the ADA (See Exhibit "A"), including but not limited to being denied reasonable accommodations regarding infrastructure construction and labor activities, and being denied time off for medical related matters.

19. That by the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee, engaged in unlawful and discriminatory employment practices in treating the Plaintiff with different terms and conditions as other similarly situated employees, including but not limited to denying him reasonable accommodations; denying him medical leave; and ultimately terminating him on November 12, 2014 for false and pre-textual reasons, in violation of Title VII and/or the ADA.

20. That as a direct and proximate result of the aforementioned wrongful and discriminatory practices performed by the Defendant, by and through its duly authorized agents, servants and or employees, Plaintiff has suffered and continues to suffer lost wages, lost benefits and other pecuniary damages.

21. That as a direct and proximate result of the aforementioned wrongful and discriminatory practices performed by the Defendant, by and through its duly authorized agents, servants and or employees, Plaintiff has experienced substantial damages for

mental anguish, emotional distress, loss of enjoyment of life, and other nonpecuniary losses and damages.

**WHEREFORE,** the Plaintiff Lucas Behn prays for the following relief against the Defendant Kiewit Infrastructure Co. as follows:

A. Award the Plaintiff compensatory damages, including pecuniary and non-pecuniary damages in an amount to be determined at the trial of this matter;

B. Award the Plaintiff his attorney's fees, including litigation expenses and the costs of this action;

C. Award the Plaintiff punitive damages in an amount to be determined at the trial in this matter; and

D. All other relief as may be just and appropriate.

## COUNT II-STATE LAW CLAIMS

22. That the Plaintiff Lucas Behn incorporates paragraphs 1 through 21 of the Complaint's Count I as and for paragraphs 1 through 21 of this Count II as if fully stated herein.

23. That the Defendant Kiewit, by its extreme, outrageous and false conduct described herein intentionally and/or recklessly caused Plaintiff severe emotional distress.

24. That the Defendant Kiewit, by its actions, intended to cause and did cause Plaintiff mental distress of a serious kind.

25. That the Defendant Kiewit also knew such distress was substantially certain to follow from its conduct or knew there was a high probability that emotional distress would result, but nevertheless proceeded with conscious

disregard of that probability, knowing that the Plaintiff had been previously diagnosed with diabetes.

26. That as a result of Kiewit's conduct, Plaintiff has suffered humiliation, embarrassment, mental suffering and emotional distress, thereby entitling the Plaintiff to general and special damages.

27. That because Defendant Kiewit's behavior was malicious and intentional, knowing full well of the Plaintiff's previous condition of diabetes, the Plaintiff is also entitled to punitive damages.

28. That the Court has pendent jurisdiction over the Plaintiff's state law claims.

**WHEREFORE**, Plaintiff Lucas Behn prays for the following relief against the Defendant Kiewit Infrastructure Co., as follows:

    A.    Award the Plaintiff compensatory damages, including pecuniary and non-pecuniary damages in an amount to be determined at the trial of this matter;

    B.    Award the Plaintiff his attorney's fees, including litigation expenses and the costs of this action;

    C.    Award the Plaintiff punitive damages in an amount to be determined at the trial in this matter; and

    D.    All other relief as may be just and appropriate.

## JURY REQUEST

The Plaintiff Lucas Behn, by and through his attorney John L. Malevitis, Esq. of MLA Law Offices, Ltd., hereby requests a trial by jury on all issues hereinabove, pursuant

to Rule 38 of the Federal Rules of Civil Procedure.

                                      Respectfully submitted,

                                      <u>s/ John L. Malevitis, Esq.</u>
                                      Attorney for Plaintiff

MLA Law Offices, Ltd.
3450 South Halsted Street
Suite 209
Chicago, Illinois 60608
312/258-1100
A.R.D.C. No.: 6184398