# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LUCAS BEHN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 5241 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| KIEWIT INFRASTRUCTURE, CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court grants in part without prejudice and grants in part with prejudice Defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [10]. The Court grants Plaintiff leave to file an Amended Complaint regarding his disability discrimination claim brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 by no later than November 21, 2017. Defendant shall answer or otherwise plead by December 12, 2017. Status hearing set for January 10, 2018 is stricken and reset to December 14, 2017 at 8:30 a.m.

## STATEMENT

On July 15, 2017, Plaintiff Lucas Behn filed a two-count Complaint against his former employer Defendant Kiewit Infrastructure Co. alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the ADA, 42 U.S.C. § 12101, along with a state law intentional infliction of emotional distress ("IIED") claim. Before the Court is Defendant's Rule 12(b)(6) motion to dismiss. For the following reasons, the Court grants in part without prejudice Plaintiff's ADA claim and grants Plaintiff leave to file an Amended Complaint regarding his ADA disability discrimination claim by no later than November 21, 2017. *See Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 518 (7th Cir. 2015) (there is a "presumption in favor of giving plaintiffs at least one opportunity to amend."). On the other hand, the Court grants Defendant's motion with prejudice as to Plaintiff's Title VII and IIED claims.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union,* 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to the federal pleading standards, a

plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Ordinarily, district courts will not dismiss a complaint based on a statute of limitations affirmative defense unless the action is clearly time-barred. *See Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017); *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017).

## BACKGROUND

On July 25, 2013, Plaintiff started working for Defendant as an infrastructure construction laborer. (R. 1, Compl. ¶ 11.) Plaintiff alleges that during all times relevant to this lawsuit, he has suffered with diabetes, which is a recognized disability under the ADA. (*Id*. ¶¶ 12, 13.) Further, Plaintiff asserts that Defendants knew of his disability, medical diagnosis, and condition of diabetes. (*Id*. ¶ 13.) He alleges that during his employment with Defendant he was subjected to harassment, intimidation, different terms and conditions of employment, and denied reasonable accommodations based on hid disability. (*Id*. ¶ 15.) Moreover, Plaintiff asserts that he complained to Defendant regarding these conditions and was subjected to further harassment, different terms and conditions of employment, and declined reasonable accommodations. (*Id*. ¶ 16.) He states that he was treated differently at work due to his disability and was retaliated against for engaging in protected activity under the ADA. (*Id*. ¶ 18.) In addition, Plaintiff states that Defendant terminated Plaintiff's employment on November 12, 2014 for false and pre-textual reasons in violation of Title VII and/or the ADA. (*Id*. ¶ 19.) Based on these allegations, Plaintiff maintains that he has suffered substantial damages for mental anguish, emotional distress, loss of enjoyment of life, and other nonpecuniary losses and damages, as well as lost wages, benefits, and other pecuniary damages. (*Id*. ¶¶ 20, 21.)

## ANALYSIS

### I. Disability Discrimination Claim

Defendant first argues that because Title VII does not cover disability discrimination, the Court should dismiss Plaintiff's Title VII claim. In response, Plaintiff unequivocally asserts that he is bringing his claim under the ADA, and thus Defendant's motion in this respect is moot. *See Shaikh v. Watson*, No. 10 C 1715, 2011 WL 589638, at *2 (N.D. Ill. Feb. 8, 2011) ("Disability is not among the enumerated bases for a Title VII suit, and therefore a claim for disability discrimination brought under Title VII cannot survive"). Nonetheless, Defendant also argues that Plaintiff has failed to adequately allege his ADA claim under the federal pleading standards. The Court agrees.

In particular, Plaintiff has not alleged sufficient facts stating a claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Instead, Plaintiff merely states the elements of his ADA claim without providing any details about his work conditions, the alleged harassment, or how Defendant treated him differently. Without more, Plaintiff has not met the federal pleading requirements. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). The Court grants Plaintiff leave to amend this claim to add some factual context to his ADA allegations.

## II.     Intentional Infliction of Emotional Distress Claim

Next, Defendant argues that Plaintiff's state law intentional infliction of emotional distress ("IIED") claim is time-barred under the two-year limitations period set forth in 735 ILCS 5/13-202. *See Feltmeier v. Feltmeier,* 207 Ill.2d 263, 278 Ill.Dec. 228, 798 N.E.2d 75, 85 (Ill. 2003). Under Illinois law, "[e]motional distress claims accrue on the date that the defendant committed the act that allegedly caused the plaintiff's distress." *Turner v. McQuarter,* 79 F. Supp. 2d 911, 918 (N.D. Ill. 1999) (citing *Dahl v. Fed. Land Bank Assn. of W. Illinois,* 213 Ill. App. 3d 867, 872 (3rd Dist. 1991)).

Here, Plaintiff asserts that Defendant terminated his employment on November 12, 2014 and it is undisputed that he filed the present lawsuit over two years later on July 15, 2017. Although Plaintiff admits that his IIED claim is untimely, he argues that that the limitations period should be equitably tolled because his ADA claim was pending before the EEOC from December 19, 2014 until April 20, 2017. Despite Plaintiff's argument to the contrary, the Seventh Circuit and courts in this district have consistently concluded that the filing of an EEOC charge does not toll the statute of limitations for separate and independent state law claims. *See Juarez v. Ameritech Mobile Commc'ns, Inc.,* 957 F.2d 317, 322 (7th Cir. 1992) (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975)); *Partipilo v. Jewel Food Stores, Inc.,* No. 16 C 4450, 2017 WL 1511461, at *3 (N.D. Ill. Apr. 27, 2017); *Ho v. Abbott Labs.,* No. 11 C 09257, 2014 WL 4627815, at *8 (N.D. Ill. Sept. 16, 2014); *Atkins v. Coca Cola Enterprises, Inc.,* No. 07C1038, 2007 WL 4219196, at *6 (N.D. Ill. Nov. 28, 2007); *Harrison v. City of Chicago,* No. 05 C 2680, 2005 WL 3542576, at *5 (N.D. Ill. Dec. 22, 2005). Plaintiff does not explain why the Court should reject this well-settled controlling and persuasive case law, but instead relies upon Southern District of New York cases decided before the Second Circuit held:

> [T]here is no basis for concluding that Congress intended that a civil rights claimant should be entitled to delay filing any state tort claims during the EEOC's consideration of a charge of discrimination. We therefore join the Seventh and Ninth Circuits in holding as a matter of federal law that filing an EEOC charge does not toll the time for filing state tort claims, including those that arise out of the same nucleus of facts alleged in the charge of discrimination filed with the EEOC.

3

*Castagna v. Luceno,* 744 F.3d 254, 258 (2d Cir. 2014). The Court therefore grants with prejudice Defendant's motion to dismiss Plaintiff's IIED claim as untimely.

**Dated:** November 7, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**