IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUCAS BEHN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 17-cv-5241 |
| | ) | |
| | ) | |
| KIEWET INFRASTRUCTURE CO., | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT**

**NOW COMES** the Plaintiff, Lucas Behn ("Behn")) by and through his attorney,

John L. Malevitis, Esq, of MLA Law Offices, Ltd., and in response to Defendant Kiewet

Infrastructure Co. ("Kiewet") Motion to Dismiss Plaintiff's First Amended Complaint,

states as follows:

On November 21, 2017 the Plaintiff filed his first amended complaint. ("FAC").

The Defendant claims that the Plaintiff's FAC fails to state a claim under the ADA for

several meritless reasons. First, the Defendant claims that the Plaintiff has not alleged

sufficient facts to support an ADA claim in his FAC, and as such, the FAC is time-barred

by the statute of limitations. It is apparent that Defendant refuses to recognize paragraphs

14 through 28 of the FAC, which clearly allege an abundance of sufficient facts to

support an ADA claim. In fact, the Plaintiff's FAC allege legally sufficient facts within

the rules governing pleadings in federal court. The Plaintiff pleads legally sufficient facts

which establish his claim under the ADA by not only putting the Defendant on notice of

the claim, but specifically alleging the wrongful conduct committed by the Defendant

under the ADA as it applied to the Plaintiff's employment. The Plaintiff's FAC need only

contain a, "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a) (2). While specific facts are not necessary, the complaint must, "give the defendant fair notice of what the claim is and the grounds upon which it rests." **Eirckson v. Pradus,** 551 U.S. 89 (2007).

It is evident that the Plaintiff's FAC is brought pursuant to the ADA. It is irrelevant that Title VII is mentioned along with the ADA. The Plaintiff's FAC explicitly alleges in opening paragraph 1, as well as throughout the FAC in paragraphs 5 through 28...not to mention and incorporated into his complaint as Exhibit "A," Plaintiff's EEOC "Charge of Discrimination" which also explicitly states, "I believe I was discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990 as amended". For the Defendant to state that because Plaintiff referred to Title VII in the FAC it has somehow obviated or negated his ADA claim when the ADA is referenced explicitly throughout all of the Plaintiff's FAC is devoid of merit.

The Plaintiff's allegations contained in the FAC are well within the rules governing pleadings in federal court. Specifically the Plaintiff's FAC properly pleads: that he had a disability as defined under the ADA...diabetes (paragraphs 12-14); that he was subjected to harassment at his employment (paragraph 15, a. though d., inclusive); that he was denied reasonable accommodations (paragraph 15, a. through d., inclusive), that he was treated differently (paragraphs 20-25; that he was "denied a reasonable accommodation regarding infrastructure construction and labor activities and being denied time off for medical related matters (paragraphs 15, a. though d., inclusive, and paragraphs 19-26); and which ultimately lead to the Plaintiff's termination for pre-textual reasons due to his disability (paragraph 26).

Conveniently and not surprisingly, the Defendant fails to mention anywhere in its motion to dismiss that the Plaintiff, upon having a diabetic episode during his employment, consulted with his treating physician who recommended that he apply for eligibility to receive a diabetes insulin pump and transmitter (paragraph 16); that after the Plaintiff filed the necessary documents and advised his employer of the time period involved and further requested that the Defendant accommodate a short-term medical leave so that the Plaintiff could return to work equipped with the aforementioned medical device (paragraph 19); and that the Defendant refused to accommodate the Plaintiff in any regard which would have allowed the Plaintiff an opportunity to manages his diabetes during his employment. (paragraphs 20-23).

The Defendant further contends that the Plaintiff has not alleged retaliation for his disability against the Defendant in his charge of discrimination which was timely filed before the EEOC or in his initial complaint herein, and therefore the Plaintiff cannot now allege retaliation because it is time-barred beyond the statute of limitations. One need not look any further than the charge of discrimination (Plaintiff's FAC, Exhibit "A") which alleges that upon the Defendant Kiewit becoming of aware of the Plaintiff's disability, he was fired. Termination of the Plaintiff's employment by the Defendant upon notification of disability by the Plaintiff is the benchmark sign and pinnacle of employment retaliation in the case at bar. Furthermore, a properly filed amended complaint does not render an original and timely filed complaint time-barred under the statute of limitations as the amended facts relate back to the original filed complaint.

The elements of an employment claim under the American's With Disabilities Act (ADA) are that the claimant has a disability (as defined in 42 U.S.C. § 12102(2)), that the

claimant is qualified to perform the essential functions of the job, and that the claimant has suffered adverse employment action because of the disability. ***Hutton v. Elf Etochem No. Am., Inc.,*** 273 F.3d 884, 895 (9th Cir.2001).

The element of causation has been thoroughly addressed in ***Head v. Glacier Northwest, Inc.,*** 413 F.3d 1053, 1063–66 (9th Cir.2005). ***Head*** states that the ADA's "because of" language does not require a showing that a disability (or a reasonable request for accommodation) was the ***sole* cause** for an adverse employment action. (***emphasize added***). Id. Furthermore, the ADA outlaws adverse employment decisions motivated, even in part, by animus based on a plaintiff's disability or request for an accommodation. *Id. at 1065.*

The Plaintiff has fulfilled his pleading requirements in the FAC under federal law by properly stating a cause of action under the ADA and for such reasons, this Court should deny the Defendant's Motion to Dismiss.

Next, the Defendant contends that Plaintiff's prayer for compensatory damages, punitive damages and a demand for jury trial are not available under an ADA claim. This argument is specious and disingenuous. Compensatory damages may be awarded to a Title VII or ADA plaintiff for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss enjoyment of life, and other nonpecuniary losses." 42 U.S.C. Section 1981 (b) (3). In ADA reasonable accommodation cases, compensatory and punitive damages are unavailable only where the employer has conferred with the Plaintiff in an ultimately unsuccessful effort to reasonably accommodate the Plaintiff. 42 U.S.C. Section 1981 (a) (3). In the case at bar, the Plaintiff's FAC pleads facts

affirmatively closing the door on the Defendant's innuendo that it took measures to reasonably accommodate the Plaintiff's disability. To the contrary, the facts as pleaded in Plaintiff's FAC unequivocally establish nothing remotely close.

Additionally, compensatory damages may be recovered by Title VII and ADA plaintiffs in cases in which intentional discrimination has been demonstrated. 42 U.S.C. Section 1981 a(a). The plaintiff must prove that he or she sustained noneconomic injures, such as emotional distress, pain and suffering, harm to reputation, and other consequential injury, caused by the defendant's unlawful conduct. **Salinas v. O'Neill,** 286 F. 3d 827, 830 (5th Cir. 2002) ("any award for emotional injury…must be supported by evidence of the character and severity of the injury to the plaintiff's emotional well-being"). This burden of proof must be met by the Plaintiff at time of trial, not in the pleading stage as suggested by the Defendant.

Punitive damages are awarded only where the defendant has been found to have "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. Section 1981 a(b). Like compensatory damages, punitive damages may be recovered by Title VII and ADA plaintiffs in cases in which "intentional discrimination" has been demonstrated. 42 U.S.C. Section 1981 a(a) (1). A plaintiff must successfully impute liability to the defendant employer for the alleged unlawful discrimination in order to obtain an award of punitive damages. **Kolstad v. American Dental Association,** 527 U.S. 526m=, 539-546 (1999). Plaintiff's FAC sufficiently pleads facts in which the trier of fact may base an award of punitive damages. The Plaintiff is allowed to request this relief in his FAC. Again, the burden of proof of the elements of damages is upon the

Plaintiff at time of trial, not in the pleading stage. It is clear that the Plaintiff herein is entitled to request an award of compensatory and punitive damages in his FAC. Equally significant and based upon the egregious and unlawful conduct exhibited by the Defendant in the case at bar, the Plaintiff is likely to prevail before the trier of fact at time of trial. Therefore, the Plaintiff's request and demand for a jury trial is proper. See 42. U.S.C. Section 1981 a(c).

Next, the Defendant contends that the Plaintiff has not exhausted his administrative remedies and such a claim does not reasonably relate to the claim set forth in Plaintiff's EEOC charge of discrimination. Defendant Kiewit further contends "Plaintiff's charge makes no mention, at all, of engaging in any protected activity and there is no reason that Kiewit would have been on notice of such claim." This argument is not only absurd, but patently false with a clear design to mislead the Court. First, the Plaintiff's charge of discrimination alleged discrimination because of his disability in violation of the Americans with Disabilities Act of 1990, as amended, which certainly includes retaliation. Moreover, the Defendant was at all times an active participant through its attorney at a lengthy mediation conducted by the EEOC on September 7, 2016, during which time the Defendant was sufficiently put on further and ongoing notice by the Plaintiff and his counsel of the Plaintiff's claim of employment discrimination and violation of the ADA. (A copy of the Mediation Confirmation is attached hereto and incorporated herein as Exhibit" B").

The Plaintiff in the case at bar was terminated by the Defendant on November 12, 2014. Plaintiff thereafter filed his EEOC charge of discrimination on December 19, 2014. The Plaintiff subsequently received his "Right to Sue" notification on April 20, 2017 and

filed his complaint before this court on July 15, 2017. For the Defendant to now claim of a lack of notice that Plaintiff's EEOC charge of discrimination makes no mention at all of engaging in any protected activity is simply preposterous.

      **WHEREFORE,** the Plaintiff, Lucas Behn, by and through his attorney, John L. Malevitis, Esq. of MLA Law Offices, Ltd., requests that this court deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

                                      Respectfully submitted,

                                        s/John L. Malevitis, Esq.

MLA Law Offices, Ltd.
3450 South Halsted Street
Suite 209
Chicago, Illinois 60608
312/258-1100
A.R.D.C. #: 6184398

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January 2018, I electronically filed the

foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF

system, which will send a copy of such filing to the following e-mail addresses:

jeremy.stewart@kiewit.com; and arthur.rooney@bakermckenzie.com


                                                    s/ John L. Malevitis, Esq.
                                        _____


1