**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LUCAS BEHN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 5241 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| KIEWIT INFRASTRUCTURE, CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court grants in part and denies in part Defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [21]. Also, the Court, in its discretion, grants in part and denies in part Defendant's request to strike certain allegations under Rule 12(f). Defendant shall file its answer by February 23, 2018. Status hearing set for March 28, 2018 is stricken and reset to February 27, 2018 at 8:30 a.m.

## STATEMENT

On November 21, 2017, Plaintiff Lucas Behn filed a First Amended Complaint against his former employer Defendant Kiewit Infrastructure Co. alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Before the Court is Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's ADA claims. For the following reasons, the Court grants in part and denies in part Defendant's Rule 12(b)(6) motion. The remaining claim in this lawsuit is Plaintiff's ADA discrimination claim. Also, the Court, in its discretion, grants Defendant's request to strike Plaintiff's Title VII allegations in the First Amended Complaint, but denies Defendant's request to strike Plaintiff's punitive damages allegations.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union,* 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining

the sufficiency of a complaint under the plausibility standard, courts must accept "as true all well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff." *Bancorpsouth, Inc., v. Fed. Ins. Co.,* 873 F.3d 582, 585 (7th Cir. 2017).

## BACKGROUND

On July 25, 2013, Plaintiff started working for Defendant as an infrastructure construction laborer. (R. 20, First Am. Compl. ¶ 11.) Plaintiff alleges that during all times relevant to this lawsuit, he had been previously diagnosed with diabetes within the definition of a disability under the ADA. (*Id*. ¶¶ 12, 13.) Further, Plaintiff asserts that Defendant knew of his disability, medical diagnosis, and condition of diabetes. (*Id*. ¶ 14.) He alleges that during his employment with Defendant, he was subjected to harassment, intimidation, different terms and conditions of employment, and denied reasonable accommodations based on his disability. (*Id*. ¶ 15.) In particular, Plaintiff alleges that he suffered a diabetic episode at the end of his work shift while in the employee locker room, yet Defendant failed to provide him medical leave so he could resolve and manage his diabetes. (*Id*. ¶ 15(a).)

In particular, after his diabetic episode at work, Plaintiff conferred with his treating physicians and diabetes medical specialists, who recommended that Plaintiff apply for eligibility to receive a diabetes insulin pump and transmitter. (*Id*. ¶ 16.) Plaintiff then filed the necessary documentation and applied for an insulin pump and transmitter – notifying his project manager and labor foreman that the approval period to receive the pump and transmitter was approximately 4-6 weeks. (*Id*. ¶¶ 18, 19.) As such, Plaintiff requested short-term medical leave allowing him to return thereafter with his diabetes medical devices. (*Id*. ¶ 19.) According to Plaintiff, Defendant failed to provide him with the short term medical leave and subsequently failed to provide him continued employment. (*Id*. ¶¶ 20, 21.)

Plaintiff filed his EEOC Charge on December 19, 2014 stating that Defendant discriminated against him based on his disability. (R. 20-1, EEOC Charge). Specifically, in his EEOC Charge, Plaintiff stated:

> I began my employment with Respondent on or about July 25, 2013. My most recent position was Laborer. During my employment, Respondent became aware of my disability. Subsequently, I was discharged.
>
> I believe I was discriminated against because of my disability in violation of the Americans with Disability Act of 1990, as amended.

Also, Plaintiff checked the disability box on his EEOC Charge. (*Id*.) Plaintiff's EEOC right to sue letter is dated April 20, 2017. (R. 20-2, Right to Sue).

## ANALYSIS

**I.    ADA Discrimination Claim**

On November 7, 2017, the Court granted Defendant's motion to dismiss Plaintiff's ADA claim because he failed to allege sufficient facts stating a claim that was plausible on its face. *See Iqbal*, 556 U.S. at 678 (complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court further granted Plaintiff leave to amend his ADA claim to add some factual context, which Plaintiff has done.

To prove a violation of Title I of the ADA, 42 U.S.C. § 12112(a), a plaintiff must ultimately show: (1) he is disabled within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) his disability caused the adverse job action. *See Monroe v. Indiana Dep't of Trans.*, 871 F.3d 495, 503 (7th Cir. 2017); *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016). In the present motion to dismiss, Defendant argues that Plaintiff has failed to plead enough facts under the second element of his Title I claim. As the Seventh Circuit teaches, however, "[e]ver since their adoption in 1938, the Federal Rules of Civil Procedure have required plaintiffs to plead claims rather than facts corresponding to the elements of a legal theory." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). In other words, it is well-settled that the Federal Rules of Civil Procedure do not require plaintiffs to plead the elements of a legal theory because the rules "do not countenance dismissal of a complaint for [an] imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014) (per curiam). The Court therefore turns to Plaintiff's allegations to determine if he has satisfied the federal pleading standard under *Iqbal* and *Twombly*.

In his First Amended Complaint, Plaintiff has provided additional facts giving context to his ADA discrimination claim, including that he had a diabetic episode at the end of his work shift while in the employee locker room, after which he conferred with his treating physicians and medical specialists. His physicians then recommended that Plaintiff apply for eligibility to receive a diabetes insulin pump and transmitter. Accordingly, Plaintiff filed the necessary documentation and applied for an insulin pump and transmitter notifying his project manager and labor foreman that the approval period to receive the pump and transmitter was approximately 4-6 weeks. He thus requested short-term medical leave and was later discharged. Based on these factual allegations, Plaintiff has provided "'enough details about the subject-matter of the case to present a story that holds together'" in relation to his disability discrimination claim. *Presser v. Acacia Mental Health Clinic, LLC,* 836 F.3d 770, 776 (7th Cir. 2016) (citation omitted); *see also Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002) (imposing a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2)"). Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's ADA disability discrimination claim.

## II. Scope of EEOC Charge

Next, Defendant argues that Plaintiff cannot bring his ADA failure to accommodate and retaliation claims because he did not raise them in his EEOC Charge.[1] A plaintiff "may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the earlier charges contained in the EEOC complaint." *Sommerfield v. City of Chicago,* 863 F.3d 645, 648 (7th Cir. 2017) (citation omitted). "To decide if additional claims meet that standard, we ask if they are 'like or reasonably related to those contained in the EEOC complaint. If they are, then we ask whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it.'" *Id.* "The relevant claim and the EEOC charge must, at a minimum, describe the same conduct and implicate the same individuals." *Huri v. Office of the Chief Judge*, 804 F.3d 826, 831-32 (7th Cir. 2015).

In response, Plaintiff argues that his "charge of discrimination alleged discrimination because of his disability in violation of the Americans with Disabilities Act of 1990, as amended, which certainly includes retaliation." (R. 27, Resp. Brief, at 6.) Plaintiff also points to the fact that Defendant was an active participant in a mediation conducted by the EEOC on September 7, 2016, putting Defendant on notice of his ADA claims. (R. 27-1, Ex. A.) That being said, "[n]ormally, retaliation and discrimination charges are not considered 'like or reasonably related' to one another." *Swearnigen-El v. Cook Cnty. Sheriff's Dep't,* 602 F.3d 852, 864–65 (7th Cir. 2010). Here, it is not entirely clear that the same individuals are involved Plaintiff's ADA claims. Moreover, Plaintiff did not describe any conduct he considered retaliatory in his EEOC Charge. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 502 (7th Cir. 1994). Thus, even when viewed liberally, *see Huri*, 804 F.3d at 831, Plaintiff's EEOC Charge does not encompass his retaliation claim. The Court thus grants this aspect of Defendant's motion to dismiss.

## III. Request under Rule 12(f)

Defendant next requests that the Court strike Plaintiff's Title VII allegations because Title VII does not cover disability discrimination. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) ("Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'"). The Court agrees. As the Court explained in its November 7, 2017 ruling granting Defendant's first motion to dismiss, disability discrimination claims are brought under the ADA, not Title VII. *See Shaikh v. Watson*, No. 10 C 1715, 2011 WL 589638, at *2 (N.D. Ill. Feb. 8, 2011) ("Disability is not among the enumerated bases for a Title VII suit, and therefore a claim for disability discrimination brought under Title VII cannot survive"). Therefore, the Court strikes these allegations from Plaintiff's First Amended Complaint.

---

[1] Because Plaintiff fails to make any arguments concerning his failure to accommodate claim, he has waived any such claim. *See Citizens for Appropriate Rural Roads v. Foxx,* 815 F.3d 1068, 1078 (7th Cir. 2016) (failing to respond to Defendants' arguments amounts to waiver of claims); *Steen v. Myers,* 486 F.3d 1017, 1020-21 (7th Cir. 2007) (absence of discussion in briefs amounts to abandonment of claim).

Defendant also seeks to strike Plaintiff's request for punitive damages based on the lack of allegations that Defendant "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b). Construing Plaintiff's allegations as true and all reasonable inferences in his favor, he has sufficiently alleged that Defendant's conduct exhibited reckless indifference because Defendant ignored his medical needs. *See E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 835 (7th Cir. 2013). The Court denies this aspect of Defendant's Rule 12(f) request.

**Dated:** February 6, 2018

**AMY J. ST. EVE**
**United States District Court Judge**