IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCAS BEHN,<br>    Plaintiff,<br><br>v.<br><br>KIEWIT CORPORATION,<br>    Defendant. | )<br>)<br>)<br>)<br>) Case No.: 17-cv-5241<br>) Honorable Amy J. St. Eve<br>)<br>) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f)**

**NOW COMES** the Plaintiff Lucas Behn, ("Behn") by and through his attorney, J. L. Malevitis, Esq., of MLA Law Offices, Ltd., and in support of his Motion to Strike Defendant Kiewit Corporation's ("Kiewit") Affirmative Defenses pursuant to Fed. R. Civ. P. 12(f), here states as follows:

**BACKGROUND**

The Plaintiffs filed his First Amended Complaint on November 21, 2017 against the Defendant, alleging employment discrimination and violation under the American with Disabilities Act of 1990 ("ADA"). On February 22, 2018 and in response to the Plaintiff's First Amended Complaint, the Defendant filed an Answer and Twenty-Two (22) Affirmative Defenses.

All twenty-two (22) of the Defendant's affirmative defenses are not adequately pleaded and fail to raise sufficient facts that would defeat the Plaintiff's cause of action. Moreover, the Defendant has failed to allege sufficient facts to set forth the essential elements of a claim and/or cause of action against the plaintiff as raised in its affirmative defenses. Each and every one of the affirmative defenses alleged is conclusory, speculative, not well pleaded, unsubstantiated, without merit, and nothing contained in its

1

Answer would controvert the well-pleaded facts contained in the Plaintiff's First Amended Complaint.

In fact, each of the purported "affirmative defenses" raised by the Defendant herein contain no more than a few sentences of conclusions and speculation. Each and every "affirmative defense" raised by the Defendant fails to include any facts that would ever entitle the Defendant to relief. For the reasons set forth below, the Defendant's Affirmative Defenses should be stricken.

## ARGUMENT

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); see e.g., **Delta Consulting Grp., Inc**. v. **R. Randle Constr. Inc.,** 554 F. 3d 1133, 1141 (7th Cor. 2009) (striking portions of a counterclaim pursuant to Rule 12(f).) "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and they "must set forth a 'short and plain statement' of the defense."

The court will strike an affirmative defense where they are insufficient on the face of the pleadings, and when it is appropriate to remove clutter from the case. **Heller Fin., Inc. v. Midwhey Powder Co., Inc.,** 883 F. 2d 1286, (7th Circ. 1989). The Court should strike as meritless affirmative defenses that are "nothing but bare bones conclusory allegations." Id. at 1295. If the defendant "omit[s] any short and plain statement of the facts" within an affirmative defense, it has "failed totally to allege the necessary elements of the alleged claims" and the Court should strike them. Id.

An affirmative defense generally must satisfy a three-part test to survive a motion to

strike: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge." **Sarkis' Café, Inc. v. Sarks in the Park, LLC,** 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014).

The case law cited above makes clear that the Defendant's Affirmative Defenses must be stricken. The "affirmative defenses" the Defendant asserts herein fall even farther short of the minimum pleading requirements for federal court and are nothing more than the type of "bare bones conclusory allegations" the court and several judges in this district has previously stricken. They contain no specificity whatsoever, and do not include a short and plain statement of the facts upon which the affirmative defense is premised.

Rule 11 by its terms governs all pleadings, including "affirmative defenses." Defendant has violated Rule 11 by filing grossly inadequate "affirmative defenses." The Defendant has not made any attempt to meet minimal pleading requirements relating to its filing of its self-labeled and conclusory, "affirmative defenses."

Upon a review of all twenty-two (22) of the Defendant's "affirmative defenses," it becomes evident that the Defendant appears to believe that the mere incantation of words of a particular doctrine or principle is a substitute for its obligation to include a short and plain statement of the facts upon which each affirmative defense is premised upon. All of the Defendant's "affirmative defenses" make vague, speculative, bare bones conclusory, and erroneous allegations, as is specifically set forth as follows:

To begin, the Defendant's First Affirmative Defense, which contains a grand total of one (1) sentence, claims that the Plaintiff's First Amended Complaint fails to allege

facts sufficient to constitute a cause of action. Not only are sufficient facts missing to support this wild conclusion, but this Court has previously heard and ruled upon this same contention in the Defendant's two (2) previous motions to dismiss the plaintiff's complaint. This purported "affirmative defense" should be stricken and dismissed as it offers no legal basis in support of such a conclusory opinion, as well as the fact that this Court has previously issued an Order denying this same contention made by the defendant and further directing the defendant to answer the Plaintiff's First Amended Complaint.

Defendant's Second Affirmative Defense alleges that the Plaintiff's First Amended Complaint is barred by the statute of limitations, without any supporting facts to establish and/or validate this false allegation.

Defendant's Third Affirmative Defense alleges that Plaintiff failed to exhaust administrative remedies and is therefore barred from proceeding with his lawsuit against the Defendant, without one single fact pleaded identifying the administrative remedy and the Plaintiff's alleged conduct barring his claim.

Defendant's Fourth Affirmative Defense likewise makes the same conclusory, speculative and vague allegations against the Plaintiff, suggesting that the Defendant was justified in taking action against the Plaintiff, including termination of his employment and committing employment discrimination.

Defendant's Fifth Affirmative Defense alleges that the Plaintiff did not suffer any damages as a result of the Defendant's conduct, and even if he did, the Plaintiff failed to mitigate his damages. This four (4) sentence claim is again devoid of sufficient facts to substantiated its fictional legal theory.

Defendant's Sixth Affirmative Defense concludes without any factual support that the Plaintiff failed to use reasonable diligence in seeking comparable employment following his termination by the Defendant.

Defendant's Seventh Affirmative Defense alleges a state cause of action under the Illinois Workers' Compensation Act which has absolutely no relation and/or relevance to the Plaintiff's First Amended Complaint.

Defendant's Eighth Affirmative Defendant is basically another one-liner, now claiming that the Plaintiff is not entitled to seek or request attorney's fees.

Defendant's Ninth Affirmative Defense asserts that the Plaintiff is not entitled to request punitive damages because it violates the Defendant's constitutional rights, and further makes reference to both the United States and Illinois Constitutions, without any factual support of its claim.

Defendant's Tenth Affirmative Defense alleges "laches" without establishing the specific conduct the Plaintiff allegedly engaged in to delay the filing of his lawsuit.

Defendant's Eleventh Affirmative Defense alleges an "offset" to damages awarded the Plaintiff without any justification or rationale for an offset and without alleging the basis for application of an offset to damages awarded the Plaintiff.

Defendant's Twelfth Affirmative Defense attempts to assert proximate cause as a defense to the facts pleaded in the Plaintiff's First Amended Complaint, again raised in essentially another one-liner with legally sufficient facts nowhere to be found.

Defendant's Thirteenth Affirmative Defense asserts that the Plaintiff's lawsuit is barred because his conduct did not comply with the directions of his employer without any mention as to the specific conduct that the Plaintiff engaged in, and the specific

5

directions given by the Defendant that the Plaintiff failed to follow.

Defendant's Fourteenth Affirmative Defense essentially pleads that it did not engage in employment discrimination, and that its actions were reasonable and based upon legitimate business reasons without sufficiently pleading facts in support thereof.

Defendant's Fifteenth Affirmative Defense claims that the Plaintiff's cause of action is barred because the Plaintiff allegedly failed to exhaust the internal remedies provided by the Defendant without establishing and/or pleading the specific internal remedies that were available to the Plaintiff and failing to plead sufficient facts that the Plaintiff did not utilize any supposed internal remedies offered by the Defendant.

Defendant's Sixteenth Affirmative Defense asserts an impermissible and illogical conclusion, which goes on to raise speculation based upon unknown speculation.

Defendant's Seventeenth Affirmative Defense claims that it at all relevant times acted in good faith, and just because it said so, must be believed by this Court.

Defendant's Eighteenth Affirmative Defense rehashes other of the above affirmative defenses, but his time relabeled it as "justification." In other words, the Defendant was justified in its actions which bars the Plaintiff's recovery in this action.

Defendant's Nineteenth Affirmative Defense rehashes the ninth affirmative defense, but this time relabels it as "good faith," which asserts that the Plaintiff is prevented from recovering punitive damages against the Defendant.

Defendant's Twentieth Affirmative Defense asserts legal estoppel without one single fact in support thereof.

Defendant's Twenty-First Affirmative Defense now asserts waiver as a defense, without enlightening the Plaintiff or this Court of the exact conduct of the Plaintiff which

causes his claim against the Defendant to be waived.

Saving the best for last, Defendant's Twenty-Second Affirmative Defense asserts "unknown defenses" and claims that whatever may transpire during the course of this case does not preclude the right to assert this unknown event as an affirmative defense.

The Defendant's "affirmative defenses," One through Twenty-Two, inclusive, offer nothing more than bare bones conclusory allegations which are legally impermissible and meritless. None of these bare bones conclusory allegations as asserted by the Defendant serve as any type or kind of legally cognizable and/or valid defenses to the Plaintiff's cause of action. Because the Defendant has failed to plead his alleged "affirmative defenses" within the realm of legal sufficiency, all twenty-two (22) "affirmative defenses" should be stricken.

**WHEREFORE** Plaintiff Lucas Behn, through his attorney John L. Malevitis, Esq. of MLA Law Offices, Ltd. respectfully requests that the Court enter an Order striking all of the Defendant's Affirmative Defenses, with prejudice.

Respectfully submitted,

s/ John L. Malevitis, Esq.

MLA Law Offices, Ltd.
3450 South Halsted Street
Suite 209
Chicago, Illinois 60608
(312) 258-1100
Atty. No.: 6184398
jhnymal@comcast.net

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March 2018, I electronically filed the foregoing **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system, which will send a copy of such filing to the following e-mail addresses: jeremy.stewart@kiewit.com; and arthur.rooney@bakermckenzie.com

s/ John L. Malevitis, Esq.