# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LUCAS BEHN,                    )
                               )
              Plaintiff,       )
                               )
       v.                      )     17 C 5241
                               )
KIEWIT INFRASTRUCTURE CO.,     )
                               )
                               )
              Defendant.       )

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Plaintiff Lucas Behn's ("Behn") motion to strike Defendant Kiewit Infrastructure Co.'s ("Kiewit") the affirmative defenses. For the following reasons, Behn's motion is granted in part and denied in part.

## BACKGROUND

On November 21, 2017, Behn filed a First Amended Complaint ("Complaint") against Kiewit, his former employer, alleging violations of the Americans with Disabilities Act ("ADA"). Kiewit submitted an Answer to Behn's Complaint and asserted twenty-two affirmative defenses. Behn filed a motion to strike Kiewit's affirmative defenses, to which Kiewit responded in part and requested leave to amend its Answer to remove certain affirmative defenses and substantiate others. Kiewit now

having amended its Answer and withdrawn a number of its affirmative defenses, Behn again moves to strike Kiewit's remaining fourteen affirmative defenses.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense." Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defense is insufficient on the face of the pleading. *Sanchez v. Roka Akor*, 2015 WL 122747, at *1 (N.D. Ill. 2015). Nonetheless, striking inadequate affirmative defenses "remove[s] unnecessary clutter from the case." *See Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014).

As pleadings, affirmatives defenses are subject to all pleading requirements of the Federal Rules of Civil Procedure. Accordingly, affirmative defenses must set forth a "short and plain statement." Fed. R. Civ. P. 8(a). The Seventh Circuit has yet to decide whether affirmative defenses must meet the heightened *Iqbal/Twombly* pleading standard. District courts have consequently diverged on the question, some applying the stringent standard while others have not. Compare, *e.g.*, *Sarkis' Cafe*, 55 F. Supp. 3d at 1040 (siding with the "majority view" that *Iqbal/Twombly* should apply to affirmative defenses) with *LaPorte v. Bureau Veritas N. Am. Inc.*, 2013 WL 250657, at *1 (N.D. Ill. 2013) (declining to "extend the pleading requirements of *Twombly* and *Iqbal* to affirmative defenses" until the Seventh Circuit or Supreme Court concludes otherwise).

We, too, side with the majority view and conclude that an affirmative defense must contain "sufficient factual matter to be plausible on its face." *See Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). After all, affirmative defenses must withstand a 12(b)(6) challenge, *Bernfeld v. U.S. Airways, Inc*, 2015 WL 2448275, at *3 (N.D. Ill. 2015), the analysis of which now incorporates the plausibility requirement. "As a practical matter, however, affirmative defenses rarely will be as detailed as a complaint (or a counterclaim); nor do they need to be in most cases to provide sufficient notice of the defense asserted. But a problem arises when a party asserts boilerplate defenses as mere placeholders without any apparent factual basis." *Dorsey v. Ghosh*, 2015 WL 3524911, at *4 (N.D. Ill. 2015).

## **DISCUSSION**

Behn moves to strike all fourteen of Kiewit's remaining affirmative defenses, largely arguing that they have been insufficiently pled. He argues that Kiewit's affirmative defenses are "conclusory," "speculative," "unsubstantiated" and fail to allege sufficient facts. The Court analyzes each affirmative defense in turn:

*First Affirmative Defense (Failure to State a Cause of Action)*

In addition to his argument that Kiewit fails to sufficiently plead this affirmative defense, Behn notes that Kiewit already brought two motions to dismiss his Complaint on the same basis, which have been denied, at least in part. First, while some courts in this district find it improper to raise such a claim as an affirmative defense rather than

a 12(b)(6) motion to dismiss, we recognize it as an appropriate affirmative defense. *See Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000); *Rao v. Covansys Corp.*, 2007 WL 141892, at *2 (N.D. Ill. 2007). Second, Kiewit provides sufficient facts to support its affirmative defense. In its half-page explanation, Kiewit states that Behn suffered two diabetic episodes while on a tunnel project, allegedly as a result of Behn's failure to control his blood sugar. He was subsequently laid off in November 2014 but returned to work for Kiewit on an above-ground project in March 2015. Kiewit concludes that Behn "cannot state a cause of action under the ADA because he knew of, but failed to control a controllable disability, and therefore was not meeting Kiewit's legitimate job expectations." This is more than enough detail to put Behn on notice of Kiewit's position. Lastly, the Court does not see a connection between Kiewit's failed motions to dismiss and its ability to continue to assert the failure to state a claim defense, and Behn cited no case law establishing one. We therefore decline to strike Kiewit's first affirmative defense.

*Second Affirmative Defense (Statute of Limitations)*

Kiewit asserts that Behn's Complaint is barred by the statute of limitations "to the extent [Behn] seeks to recover on acts or incidents of alleged discrimination that occurred more than 300 days before he filed his administrative charge." Behn contends that Kiewit failed to provide facts to "establish and/or validate this false and conclusory allegation." Affirmative defenses that are "nothing but bare bones conclusory allegations" cannot stand. *Sarkis' Cafe*, 55 F. Supp. 3d at 1040 (quoting *Heller Fin.*

4

*Inc. v. Midwhey Power Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989)). But Kiewit "need not plead hypertechnical facts in support of its claim that [Behn's] claims are potentially time-barred." *Roka Akor*, 2015 WL 122747, at *2.

Behn's Complaint does not provide specific dates for the allegedly discriminatory acts. Kiewit argues that it would need to conduct more discovery to determine whether any of Behn's claims are timely or beyond the scope of his EEOC charge.[1] The Court finds that Kiewit has sufficiently pled its affirmative defense at this stage of litigation. Kiewit's affirmative defense is unlike the bald assertions that have been stricken in other cases. *See, e.g., Meaden v. Meaden*, 2012 WL 6019233, at *3 (N.D. Ill. 2012) (striking affirmative defense that "merely states that plaintiffs' claims are barred by the statute of limitations"); *Dorsey v. Ghosh*, 2015 WL 3524911, at *5 (N.D. Ill. 2015) (striking statute of limitations defense where the basis for the purported defense is "completely unknown"). At the very least, Kiewit provided notice of the basis of its defense—to the extent any of the alleged acts occurred more than 300 days before Behn's EEOC charge, Kiewit will assert that those claims are barred by the statute of limitations. The Court will not strike Kiewit's second affirmative defense.

---

[1] In support of this argument, Kiewit cites two cases that held that a statute of limitation defense may be sufficiently pled without specific facts, especially because the very nature of the defense requires more discovery to be fully established. *See Thomas v. Exxon Mobil Corp.*, 2009 WL 377334, at *4 (N.D. Ill. 2009) ("[T]he appropriate method for determining the validity of a [statute of limitations affirmative defense] is through discovery."); *Builders Bank v. First Bank & Trust Co. of Ill.*, 2004 WL 626827, at *5 (N.D. Ill. 2004) (noting that "only through discovery" can the defendant determine whether the plaintiff's claims are barred by the statute of limitations and denying the motion to strike). Both cases, however, were decided before the *Iqbal/Twombly* pleading standard was established. And while recent cases cite to *Thomas* and *Builders Bank*, this Court, having found that *Iqbal/Twombly* applies to affirmative defenses, is wary of relying on them.

*Third Affirmative Defense (Failure to Exhaust Administrative Remedies)*

Kiewit's third affirmative defense alleges that Behn failed to exhaust his administrative remedies. Kiewit does not provide any facts to support this allegation, nor does it identify the administrative remedies available to Behn. This affirmative defense is insufficiently pled. Kiewit cites to pre-*Iqbal/Twombly* cases that declined to strike such affirmative defenses despite a lack of factual support, but recent cases require more information to sufficiently place the plaintiff on notice. For example, in *Sanchez v. Roka Akor*, the court struck a failure to exhaust contractual remedies affirmative defense because the defendant did not specify the remedies the plaintiff allegedly failed to exhaust. 2015 WL 122747, at *4. "Without this key piece of information, [the plaintiff] cannot make any substantive arguments about exhaustion and the [C]ourt cannot ascertain if the purported failure to exhaust unspecified remedies bars any of [the plaintiff's] claims." *Id.*

Moreover, Kiewit has not pled how Behn failed to exhaust his administrative remedies, *i.e.*, what action he failed to take. *Cf. E.E.O.C. v. Dots, LLC*, 2010 WL 5057168, at *3 (N.D. Ind. 2010) (stating that a failure to exhaust administrative remedies defense is sufficiently pled because "it identifies that the EEOC's shortcoming was in satisfying the conditions precedent for the gender discrimination charge"). Kiewit's affirmative defense provides no basis for its conclusory statement that Behn failed to exhaust his administrative remedies. The Court strikes Kiewit's third affirmative defense.

*Fifth (Failure to Mitigate) and Sixth (No Reasonable Diligence in Seeking Comparable Employment) Affirmative Defenses*

Kiewit's fifth and sixth affirmative defenses fail for the same reasons as above. Kiewit's fifth affirmative defense conclusively states that Behn failed to make reasonable efforts to mitigate or minimize the damages incurred. Its sixth affirmative defense adds that Behn failed to use reasonable diligence in seeking comparable employment. Both statements are asserted with absolutely no factual support. While Kiewit cites to cases stating that threadbare recitals of these affirmative defenses are appropriate, we disagree. Those cases, though recent, cite to pre-*Iqbal/Twombly* cases (the same cases Kiewit relies on for its statute of limitations defense discussed in the footnote above), when the district court had not yet considered whether to apply a heightened pleading standard to affirmative defenses. Having found that affirmative defenses must meet the heightened standard, this Court cannot accept bare conclusions devoid of any facts. *See, e.g., Edwards*, 310 F.R.D. at 389 (striking affirmative defense because defendants "fail to provide any factual basis to support their defense which gives rise to plaintiff's failure to mitigate"); *Bernfeld*, 2015 WL 2448275, at *3 (striking "bare bones recital[]" of failure to mitigate defense "without adequate factual enhancement" as "inadequately pled under Rule 8 and unable to withstand a Rule 12(b)(6) challenge"). We therefore strike Kiewit's fifth and sixth affirmative defenses.

*Ninth (Punitive Damages Unconstitutional) and Nineteenth (Good Faith) Affirmative Defenses*

Kiewit's ninth and nineteenth affirmative defenses both assert that Behn is not entitled to recover punitive damages. We find that Kiewit sufficiently pled both

7

defenses. For its ninth affirmative defense, Kiewit alleges that the imposition of punitive damages would be unconstitutional. It explains that Illinois' laws regarding the alleged acts are too vague to permit punitive damages and that its constitutional rights under both the United States and Illinois Constitutions would be violated if punitive damages were imposed. Kiewit has sufficiently made its point; it need not "plead the specific facts contained in [Behn's] First Amended Complaint which violate the United States Constitution and the Illinois Constitution" because that is not its argument. The Court declines to strike Kiewit's ninth affirmative defense.

Kiewit claims good faith in its nineteenth affirmative defense. It alleges that the alleged acts in Behn's Complaint are contrary to Kiewit's equal employment opportunity, anti-discrimination, anti-retaliation, and other employment policies that Kiewit instituted in good faith. "In the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where their decisions are contrary to the employer's 'good-faith efforts' to comply with anti-discrimination laws." *Badshah v. Am. Airlines, Inc.*, 2017 WL 2021089, at *2 (N.D. Ill. 2017) (citing *Kolstad v. Am. Dental Assoc.*, 527 U.S. 526, 545–46 (1999)). Kiewit has accordingly "stated a plausible affirmative defense." *See id.* We decline to strike Kiewit's nineteenth affirmative defense.

*Tenth Affirmative Defense (Laches)*

For its tenth affirmative defense, Kiewit asserts the doctrine of laches, which essentially states that an unreasonable delay on the part of the plaintiff in seeking a

remedy bars the plaintiff from recovery. Kiewit supports its laches defense by alleging that Behn delayed the commencement of this action for over two years. It notes that Behn filed his administrative charge in December 2014 and could have requested a right-to-sue letter from the EEOC by mid-June 2015. Instead, Behn waited and filed this lawsuit in July 2017. Behn argues that Kiewit failed to "assert the defect in the procedure" he followed and contends that he filed the lawsuit in a timely fashion. Behn's arguments fail, not only because Kiewit did, in fact, assert a defect in the procedure Behn followed (waiting over two years after his EEOC charge to file the lawsuit), but also because Behn is arguing on the merits of the laches defense. *See Top Tobacco, L.P. v. Good Times USA, LLC*, 2017 WL 395698, at *3 (N.D. Ill. 2017) (denying a motion to strike laches defense that related to the merits of the defense and not the sufficiency of the pleadings). We find that Kiewit has sufficiently pled its laches defense and therefore decline to strike it.

*Eleventh Affirmative Defense (Offset)*

In its eleventh affirmative defense, Kiewit states that it will seek to offset Behn's potential recovery "to the extent [Behn] receives or has received any monies related to the allegations in [his] First Amended Complaint." Behn moves to strike this defense because Kiewit does not allege a justification, rationale, or basis for the offset. Kiewit need not provide such information at this time. Its affirmative defense "sufficiently puts [Behn] on notice that [Kiewit] will offset damages to the extent that the as yet

undeveloped factual record show that this is appropriate." *See Roka Akor*, 2015 WL 122747, at *2. We will not strike Kiewit's eleventh affirmative defense.

*Fifteenth Affirmative Defense (Failure to Exhaust Internal Remedies)*

Kiewit's fifteenth affirmative defense asserts that Behn failed to exhaust internal remedies provided by Kiewit to complain about the alleged unlawful conduct. Unlike its failure to exhaust administrative remedies defense, Kiewit at least identifies the remedies Behn allegedly failed to take. It alleges that Behn "failed to exhaust the grievance process and procedures outlined in the collective bargaining agreement that governed his terms and conditions of his employment with [Kiewit]." Contrary to Behn's contentions, Kiewit need not provide specific details about which sections of the agreement or specific employment policies that Behn did not follow. Kiewit directly alleges that Behn did not exhaust the grievance process. This provides Behn with sufficient notice of Kiewit's position with this defense. The Court declines to strike Kiewit's fifteenth affirmative defense.

*Twentieth (Estoppel) and Twenty-First (Waiver) Affirmative Defenses*

Kiewit asserts that Behn's claims are barred by the doctrines of estoppel and waiver because he "failed to request an accommodation and/or failed to take reasonable measures to control his alleged disability." Kiewit insists that these defenses are sufficiently pled as they each contain a "'short and plain statement' of the underlying factual basis for and nature of the defense." We disagree. Though Kiewit's allegations are not bare bone conclusions, they do not contain specific facts to support the defenses. *See Sloan Valve Co. v. Zurn Industries, Inc.*, 712 F. Supp. 2d 743, 755 (N.D. Ill. 2010)

undeveloped factual record show that this is appropriate." *See Roka Akor*, 2015 WL 122747, at *2. We will not strike Kiewit's eleventh affirmative defense.

*Fifteenth Affirmative Defense (Failure to Exhaust Internal Remedies)*

Kiewit's fifteenth affirmative defense asserts that Behn failed to exhaust internal remedies provided by Kiewit to complain about the alleged unlawful conduct. Unlike its failure to exhaust administrative remedies defense, Kiewit at least identifies the remedies Behn allegedly failed to take. It alleges that Behn "failed to exhaust the grievance process and procedures outlined in the collective bargaining agreement that governed his terms and conditions of his employment with [Kiewit]." Contrary to Behn's contentions, Kiewit need not provide specific details about which sections of the agreement or specific employment policies that Behn did not follow. Kiewit directly alleges that Behn did not exhaust the grievance process. This provides Behn with sufficient notice of Kiewit's position with this defense. The Court declines to strike Kiewit's fifteenth affirmative defense.

*Twentieth (Estoppel) and Twenty-First (Waiver) Affirmative Defenses*

Kiewit asserts that Behn's claims are barred by the doctrines of estoppel and waiver because he "failed to request an accommodation and/or failed to take reasonable measures to control his alleged disability." Kiewit insists that these defenses are sufficiently pled as they each contain a "'short and plain statement' of the underlying factual basis for and nature of the defense." We disagree. Though Kiewit's allegations are not bare bone conclusions, they do not contain specific facts to support the defenses. *See Sloan Valve Co. v. Zurn Industries, Inc.*, 712 F. Supp. 2d 743, 755 (N.D. Ill. 2010)

(striking affirmative defense of estoppel because defendant "offers no allegations in support thereof and has not provided any minimal specifics in its pleading to provide [plaintiff] with notice of how and in what way its defenses arise"); *see also Bartashnik v. Bridgeview Bancorp, Inc.*, 2005 WL 3470315, at *4 (N.D. Ill. 2005) ("Waiver, estoppel and laches are equitable defenses that must be pled with the specific elements required to establish the defense.") (internal citations omitted). The Court strikes Kiewit's twentieth and twenty-first affirmative defenses as they are insufficiently pled.

*Twenty-Third (Direct Threat) and Twenty-Fourth (Failure to Control a Controllable Disability) Affirmative Defenses*

Kiewit's final two defenses assert that Behn was a direct threat to the health and safety of himself or others in his employment with Kiewit, and that his claims are barred because he failed to control a controllable disability. Behn claims that these affirmative defenses contain "legally baseless rhetoric, opinion, and commentary." This contention is entirely baseless. In its explanatory paragraph in support of these defenses, Kiewit pleads specific facts summarizing two diabetic episodes suffered by Behn while on the job. Despite Behn's argument, Kiewit is not "campaigning to become the trier of fact in the case at bar," nor is the Court considering the merits of Kiewit's affirmative defense at this stage. Kiewit has sufficiently pled its twenty-third and twenty-fourth affirmative defenses. The Court will not strike them.

## **CONCLUSION**

For the aforementioned reasons, the Court grants in part and denies in part Behn's motion to strike Kiewit's affirmative defenses. We grant Behn's motion to

11

strike as to Kiewit's Third, Fifth, Sixth, Twentieth, and Twenty-First Affirmative Defenses; these defenses are thus stricken.  We deny Behn's motion to strike Kiewit's First, Second, Ninth, Tenth, Eleventh, Fifteenth, Nineteenth, Twenty-Third, and Twenty-Fourth Affirmative Defenses.  It is so ordered.

_____

Dated:  11/2/2018

Charles P. Kocoras
United States District Judge